UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JORGE VAZQUEZ, on behalf of himself and all
others similarly situated,

    Plaintiff,

vs.

720 OCEAN DRIVE, LLC, d/b/a THE PLACE, a Florida
limited liability company; and STEFANO
FRITTELLA, individually,

    Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

    Plaintiff JORGE VAZQUEZ, through undersigned counsel and on behalf of himself and all those similarly situated, sues Defendants 720 OCEAN DRIVE, LLC, d/b/a THE PLACE, a Florida limited liability company ("THE PLACE"), and STEFANO FRITTELLA, individually ("FRITELLA")(all named Defendants collectively referred to as "Defendants"), and alleges as follows:

    1.    This is an action for unlawful failure to pay overtime compensation and minimum wages as required by the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§206(a) and 207(a), and its implementing regulations.

    2.    This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. §216(b).

    3.    Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4. Plaintiff JORGE VAZQUEZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. Plaintiff brings this action on behalf of himself and all other current and former employees of Defendants who are similarly situated.

5. Defendant THE PLACE is, and at all relevant times was, a Florida limited liability company doing business in Miami-Dade County, Florida. THE PLACE is, and at all relevant times was, a company that owned and operated a restaurant in Miami-Dade County, Florida, and upon information and belief, used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00.

6. Defendant FRITELLA is, and at all relevant times was, a resident of Miami-Dade County, Florida, and are *sui juris*. At all relevant times, FRITELLA was and still is an owner, operator, and agent of THE PLACE, was and still is an agent authorized to do business on behalf of THE PLACE, and acted in the course and scope of his employment and agency as owner, operator, and agent of THE PLACE with regard to Plaintiff and all those similarly situated.

7. At all relevant times THE PLACE was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00. In addition, FRITELLA was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of THE PLACE in relation to Plaintiff, and regularly exercised authority to hire and fire employees of THE PLACE, determined the work schedules of employees of THE PLACE, set the rates of pay and compensation for employees of THE PLACE, and controlled the finances and operations of THE PLACE.

8. At all times during his employment as a server for Defendants, from in or about January 2012 through on or about November 2014, Plaintiff was at various times a non-exempt employee who regularly worked over 40 hours in one or more work weeks for which he was entitled to receive overtime compensation under the FLSA. Plaintiff estimates that he regularly worked at least 8 to 12 overtime hours each work week for 51 weeks each year during the period of employment as a server, but was not paid any overtime premium compensation as required by the FLSA.

9. In addition, from January 2012 through in or about March of 2013, Plaintiff was not paid any wages whatsoever in one or more pay periods despite working regular hours for which Defendant had agreed to pay him at the rate of $4.65 per hour plus tips. Instead of paying Plaintiff his regular hourly rate for all regular hours worked each work week, Defendants would improperly deduct from Plaintiff's hourly wages the total amount of tips paid to Plaintiff each work week, which resulted in Plaintiff receiving $0 in wages in one or more work weeks, in violation of the minimum wage provisions of the FLSA..

10. The additional persons who may become Plaintiffs in this action are all of Defendants' servers who in one or more weeks during the three-year period immediately filing of this lawsuit worked in excess of forty (40) hours in one or more work weeks, and who were not paid any overtime premium equal to one and one-half times their regular hourly wage rate in those work weeks. The additional persons who may become Plaintiffs are also all of Defendants' servers who in one or more weeks during the three-year period immediately filing of this lawsuit had their tips deducted from their regular hourly wages so they received less than the applicable minimum wage allowed under the FLSA.

11. It is believed that during the three-year period immediately preceding the filing of this lawsuit, there were other servers employed by Defendants who worked more than 40 hours in one or more work weeks, and who were not paid at least one and one-half times their regular hourly wage rate for all overtime hours worked as required by the FLSA.

12. It is believed that during the three-year period immediately preceding the filing of this lawsuit, there were other servers employed by Defendants who had their tip payouts improperly deducted from their regular hourly wages resulting in wage payments of $0 or at least less than the prevailing federal minimum wage, in violation of the minimum wage requirements of the FLSA.

13. While Plaintiff kept and maintained some of his pay and time records, the complete records of the hours worked per work week and the compensation actually paid to Plaintiff and those similarly situated are, or should be, currently in the possession, custody, and control of Defendants.

14. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

15. Plaintiff has hired the undersigned attorneys to represent him in this case and has agreed to pay the firms a reasonable fee for their services.

## COUNT I – UNPAID OVERTIME VIOLATION OF FLSA

16. Plaintiff re-alleges paragraphs 1 through 15 as if set forth fully herein.

17. Under the FLSA, Defendants were obligated to pay Plaintiff, and all those similarly situated, one and one-half times their hourly pay rate for all hours worked in excess of forty (40) hours per work week. However, Plaintiff and all those similarly situated worked in

excess of forty (40) hours in one or more work weeks and were not paid the extra one and one-half time overtime premium for each overtime hour work.

18. Defendants have failed and refused to pay Plaintiff and all those similarly situated the required extra overtime compensation for all overtime hours Plaintiff and all those similarly situated worked in excess of forty (40) hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

19. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff and all those similarly situated have suffered damages equal to one and one-half their hourly rate of pay for each hour worked in excess of forty (40) hours per work week in the relevant time period, plus double that amount in liquidated damages as provided under the FLSA.

20. Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of the rights of Plaintiff and all those similarly situated under the law, inasmuch as Defendants have previously been sued for similar FLSA overtime violations at other affiliated restaurants with the same owners and operators, and were thus fully aware that their actions, and failure to pay overtime wages, violated the FLSA.

21. Plaintiff and all those similarly situated are entitled to recover their costs, expenses, and reasonable attorney's fees under the FLSA.

WHEREFORE, Plaintiff and all those similarly situated demand judgment against Defendants, jointly and severally, for all unpaid overtime as required under the FLSA, liquidated damages, interest, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT II – UNPAID MINIMUM WAGE VIOLATION OF FLSA

22. Plaintiff re-alleges paragraphs 1 through 15 and 21 as if set forth fully herein.

23. Under the FLSA, Defendants were obligated to pay Plaintiff, and all those similarly situated, the prevailing minimum wage for all regular hours they worked. However, Plaintiff and all those similarly situated were not paid the required minimum wage, and were often not paid any money whatsoever, for their hours worked in one or more work weeks.

24. Defendants have failed and refused to pay Plaintiff and all those similarly situated the required minimum wage for one or more hours Plaintiff and all those similarly situated worked in in one or more work weeks, in violation of the FLSA overtime requirements of 29 U.S.C. §206(a).

25. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff and all those similarly situated have suffered damages equal to the unpaid minimum wages for all hours they worked yet were not paid the prevailing federal minimum wage, as provided under the FLSA.

26. Defendants engaged in their minimum wage violations under the FLSA willfully, intentionally, and in reckless disregard of the rights of Plaintiff and all those similarly situated under the law, inasmuch as Defendants have previously been sued for similar FLSA violations at other affiliated restaurants that involved the same owners and operators, and were thus fully aware that their actions, and failure to pay minimum wages, violated the FLSA.

WHEREFORE, Plaintiff and all those similarly situated demand judgment against Defendants, jointly and severally, for all unpaid overtime as required under the FLSA, liquidated damages, interest, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: September 10, 2015.

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.** | **LAW OFFICE OF PELAYO DURAN, P.A.** |
| Counsel for Plaintiff | Co-Counsel for Plaintiff |
| 8751 W. Broward Blvd., Suite 303 | 4640 N.W. 7th Street |
| Plantation, FL 33324 | Miami, FL 33126-2309 |
| T. 954/362-3800 | T. 305/266-9780 |
| 954/362-3779 (Facsimile) | 305/269-8311 (Facsimile) |
| | |
| By____*s/ Roderick V. Hannah*_____ | By ____*s/ Pelayo M. Duran*_____ |
| RODERICK V. HANNAH | PELAYO M. DURAN |
| Fla. Bar No. 435384 | Fla. Bar No. 0146595 |

7

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** JORGE VASQUEZ, on behalf of himself and all others similarly situated,

**DEFENDANTS** 720 Ocean Drive, LLC d/b/a THE PLACE, a Florida limited liabilty company; and STEFANO FRITTELLA, Individually,

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pelayo M. Duran 4640 NW 7th St. Miami, Fl 33126
305-266-9780

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 530 General | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee – Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)** *(See instructions):*
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____ DOCKET NUMBER _____

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE 9/10/15
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ IFP _____ JUDGE _____ MAG JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

JORGE VASQUEZ, on behalf of himself and all others similarly situated,

*Plaintiff(s)*

v.

720 Ocean Drive, LLC d/b/a The Place, a Florida limited liability company; and Stefano Frittella, indivudualy

*Defendant(s)*

Civil Action No. 1:15cv23422

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* 720 Ocean Drive, LLC d/b/a The Place, a Florida limited liability Company
850 Ocean Drive
Miami Beach, FL 33139

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Pelayo M. Duran
4640 NW 7th St.
Miami, FL 33126

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:15cv23422

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

 ❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

 ❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

 ❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

 ❐ I returned the summons unexecuted because _____ ; or

 ❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   592,994.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                   _____
                    *Server's signature*

                    _____
                    *Printed name and title*

                    _____
                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

JORGE VASQUEZ, on behalf of himself and all others similarly situated,

*Plaintiff(s)*

v.

720 Ocean Drive, LLC d/b/a The Place, a Florida limited liability company; and Stefano Frittella, indivudualy

*Defendant(s)*

Civil Action No. 1:15cv23422

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Stefano Frittella
850 Ocean Drive
Miami Beach, FL 33139

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Pelayo M. Duran
4640 NW 7th St.
Miami, FL 33126

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:15cv23422

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)*
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   1,365,362.00   .

I declare under penalty of perjury that this information is true.

Date: _____
                                                            _____
                                                                    *Server's signature*

                                                            _____
                                                                   *Printed name and title*


                                                            _____
                                                                      *Server's address*

Additional information regarding attempted service, etc: